Circuit Court for Washington County
Case No. C-21-CR-24-000283

IN THE SUPREME COURT

OF MARYLAND

Petition No. 276

September Term, 2025

DENNIS C. THOMASON

v.

STATE OF MARYLAND

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

PER CURIAM ORDER

Filed: December 19, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|  | * |  |
| DENNIS C. THOMASON | * | IN THE |
|  | * | SUPREME COURT |
| v. | * | OF MARYLAND |
|  | * | Petition No. 276 |
| STATE OF MARYLAND | * | September Term, 2025 |
|  | * |  |

ORDER[1]

On September 22, 2025, the parties filed a joint motion to transfer this appeal to the Appellate Court of Maryland. In that joint motion, the parties recited the following procedural background:

1. On March 6, 2024, Petitioner was found guilty in the District Court, Case No. D-112-CR-23-004194, of ten counts of violating a protective order. On May 9, 2024, the District Court, the Honorable Judge Victoria J. Lobley presiding, imposed a sentence of three years' incarceration with all but one and a half years suspended in favor of two years of probation.

2. On June 7, 2024, Petitioner noted a *de novo* appeal to the Circuit Court for Washington County, which docketed his case as No. C-21-CR-24-000283.

3. On October 21, 2024, the circuit court, the Honorable Judge Joseph S. Michael presiding, found Petitioner guilty of three counts of violating a protective order and acquitted him of the remaining counts. That same day, the court imposed a sentence of 270 days of incarceration all of which was suspended in favor of three years of probation.

4. On May 19, 2025, Petitioner filed in the circuit court a motion to correct an illegal sentence pursuant to Maryland Rule 4-345. In the motion, Petitioner argued that a special condition of probation that he have "no romantic relationship/relations with opposite sex" was illegal

___

[1] This order was originally issued on November 26, 2025. It is being reissued as a published order of the Court on the joint motion of the parties. The actions taken by the Appellate Court following the November 26, 2025 order are unaffected by this reissued order.

and should be stricken. The circuit court denied the motion following a hearing on July 21, 2025.

5.  On August 15, 2025, Petitioner noted a timely appeal from the denial of his motion to correct an illegal sentence.

6.  On September 5, 2025, the Appellate Court *sua sponte* issued an order transferring the appeal to this Court as an appeal from the circuit court exercising its appellate jurisdiction.

7.  On September 9, 2025, this Court sent undersigned counsel a letter in which the Court indicated that it was treating Petitioner's notice of appeal as a non-compliant petition for a writ of certiorari and permitting Petitioner to file, within 15 days, a supplemental petition for writ of certiorari.

On September 26, this Court issued an order directing the parties to submit briefing addressing the following questions:

1.  What is the legal basis for the parties' contention that the circuit court was no longer exercising appellate jurisdiction in Case No. C-21-CR-24-00028 when it ruled on Mr. Thomason's motion to correct an illegal sentence?

2.  Given that the parties agree that the circuit court initially exercised appellate jurisdiction in Case No. C-21-CR-24-00028, what is the nature of the jurisdiction the parties contend the circuit court exercised when it ruled on Mr. Thomason's motion to correct an illegal sentence and what is the legal basis for the circuit court's exercise of jurisdiction?

On November 6, 2025, the parties filed their joint brief.  Upon consideration of the parties' joint motion and joint brief, it is this 19th day of December 2025, by the Supreme Court of Maryland,

ORDERED that the joint motion is GRANTED.  Section 12-301 of the Courts and Judicial Proceedings Article provides in relevant part: "Except as provided in § 12-302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court."  Section 12-302(a) of that Article provides that a party does not have a

right to appeal from "a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court[.]"  Here, as the parties recount, the judgment at issue was the circuit court's denial of Mr. Thomason's motion to correct an illegal sentence, which was directed at the sentence entered by the circuit court on October 21, 2024.  The District Court of Maryland was never presented with that motion and did not make a decision concerning it.  In ruling on that motion, the circuit court reviewed the sentence it had imposed, not any decision or action of the District Court.  As such, the judgment under review was not "entered or made in the exercise of appellate jurisdiction *in reviewing the decision of the District Court*," Cts. & Jud. Proc. § 12-302(a) (emphasis added), and this appeal properly lies in the Appellate Court of Maryland, *id.* § 12-301; and it is further

ORDERED that this case shall be transferred to the Appellate Court of Maryland to proceed as a direct appeal in accordance with § 12-301 of the Courts and Judicial Proceedings Article and Subtitle 2 of Title 8 of the Maryland Rules.



_/s/ Matthew J. Fader_
Chief Justice